# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WYNN JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-0187** |
| **BURL CAIN, WARDEN** | **SECTION "S"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

# I.    STATE COURT PROCEDURAL BACKGROUND

The petitioner, Wynn Jones, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On March 2, 2005, Jones was charged by bill of information in Jefferson Parish with four counts of armed robbery, one count of simple robbery and one count of attempted simple robbery.[3]  The Louisiana Fifth Circuit Court of Appeal summarized the facts of the case in relevant part as follows:

> The following facts are taken from the suppression hearing: Detective Dax Russo ("Detective Russo") of the Jefferson Parish Sheriff's Office participated in an investigation regarding a series of robberies that occurred from December 2004 until January 19, 2005.  Jones was arrested on January 19 for a robbery of a cellular telephone business, NEXTECH, that had occurred that day.  A search incident to an arrest was conducted, and, as a result of the search, Detective Russo received a 20 dollar bill, a nine millimeter live cartridge, a pay-out stub for NEXTECH, and a roll of coins, which was consistent with items taken in the robbery.
>
> On the day Jones was arrested, Detective Russo advised him of his rights and Jones signed a waiver of rights form, acknowledging he understood his rights.  Two recorded statements were taken, one at 7:50 p.m. and the second at 8:34 p.m. that same evening.  At the beginning of his first statement, Jones acknowledged he understood his rights and was waiving them.  At the beginning of his second statement, Jones was reminded of his rights and acknowledged that he again was waiving them.  Detective Russo testified that Jones was not forced or coerced or promised anything of value for his statements.
>
> According to Detective Russo, the first statement concerned the NEXTECH robbery while the second statement concerned other robberies that occurred from December 2004 until January 19, 2005 on the Westbank.  The statements were admitted into evidence.  In his first statement, Jones admitted he received money from the register after he grabbed an employee by her arm and put a kitchen knife to her throat during the robbery.  In his second statement, Jones admitted he robbed a cashier at Philly's Steak House with a knife and was given money from the cash register.  He then admitted that, on another occasion,

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 5, Bill of Information, 3/2/05.

he robbed a different employee at the Philly's Steak House using the same knife and that he took money out of the register himself. Jones then stated he robbed a gas station on the Expressway, snatching money from the register while unarmed. He also discussed two other robberies at gas stations. He explained that, in one attempt, he tried reaching into the register after purchasing a drink at a Shell Station on the Expressway, but the employee closed the register, grabbed a baseball bat, and ran him out of the store. He did not get any money and was unarmed. Jones then discussed a second robbery on the same day at a Shell Station on Ames and Lapalco. He explained that he asked the employee for change for his dollar to use the phone, and, when the cashier tried to give him change, he reached and grabbed the money. He stated that he showed the cashier a knife, and she backed up. Jones identified himself as the person shown in photographs, taken from surveillance video, given him by the detective.

Detective Russo testified that, as to the NEXTECH robbery, three employees gave an account of what happened and were taken to the scene where Jones was apprehended. All three employees identified him as the suspect. Regarding the other robberies that occurred prior to January 19, photographic line-ups that included Jones' photograph were used. Detective Russo testified that Julia Martin identified Jones from a photographic line-up as the suspect in the January 14, 2005 robbery of the Shell Gas Station on Lapalco Boulevard. Rosie Johnson identified Jones in a photographic line-up as the suspect in a January 14, 2005 robbery at the Shell Gas Station on the Westbank Expressway.

Detective Kevin Decker of the Jefferson Parish Sheriff's Office also participated in the investigation of the robberies. He testified that he showed a photographic lineup to victim Carl Howell and witness Henry Diamond regarding a December 22, 2004 robbery at Philly's Steak House on the Westbank Expressway. Separately, both identified Jones in a photographic lineup. With regard to a January 9, 2005 robbery at the Shell Gas Station on the Westbank Expressway, Haroon Iqbal identified Jones in a photographic lineup. In both of these robberies, a still photograph from the surveillance video was available.

State v. Jones, 975 So.2d 21, 22-24 (La. App. 5th Cir. 2007); State Record Volume 4 of

5, Fifth Circuit Opinion, 07-KA-512, pages 3-5, December 27, 2007.

After selection of a jury on April 5, 2006,[4] Jones withdrew his pleas of not guilty

and entered guilty pleas to all six counts pursuant to North Carolina v. Alford, 400 U.S.

---

[4]St. Rec. Vol. 1 of 5, Trial Minutes, 4/5/06.

25 (1970), and <u>State v. Crosby</u>, 338 So.2d 584 (La. 1976).[5] Jones waived legal delays and the state trial court sentenced him to serve 49 years in prison on each of the four armed robbery counts, without benefit of parole, probation or suspension of sentence.[6] The court also sentenced him to concurrent sentences of seven years in prison for simple robbery and three years and six months in prison for attempted simple robbery.

Jones eventually filed an application for post-conviction relief seeking leave to file an out-of-time appeal.[7] The state trial court granted the request.[8] On direct appeal, Jones's appointed counsel argued that Jones received ineffective assistance of counsel in that trial counsel failed to object to the admission of his statements made under the influence of drugs and physical abuse, which rendered his guilty pleas invalidly coerced.[9] Jones filed a pro se supplemental brief, alleging that his trial counsel was ineffective for failure to object to the trial court's acceptance of the guilty plea under <u>Alford</u> without a factual basis to support the plea.[10]

---

[5]<u>Id.</u>, p.2; St. Rec. Vol. 1 of 5, Waiver of Constitutional Rights Plea of Guilty, 4/5/06; Plea Transcript, 4/5/06. Under <u>Alford</u>, a criminal defendant can enter and the court can accept a plea of guilty in spite of the defendant's insistence that he is innocent. Under Louisiana law, a <u>Crosby</u> plea allows the defendant to reserve the right to appeal the denial of his motion to suppress.

[6]St. Rec. Vol. 1 of 5, Sentencing Minutes, 4/5/06.

[7]St. Rec. Vol. 1 of 5, Uniform Application for Post-Conviction Relief, 4/4/07 (dated 3/30/07).

[8]St. Rec. Vol. 1 of 5, Trial Court Order, 4/13/07.

[9]St. Rec. Vol. 1 of 5, Appeal Brief, 07-KA-0512, 7/24/07.

[10]St. Rec. Vol. 1 of 5, Supplemental Appeal Brief, 2007-KA-512, 10/9/07.

On December 27, 2007, Louisiana Fifth Circuit affirmed Jones's convictions and sentences finding no merit to his claims.[11]  The appellate court also ordered the state trial court to notify Jones of the deadlines for seeking post-conviction relief.  The trial court complied with this order on January 3, 2008.[12]

On September 26, 2008, the Louisiana Supreme Court denied without reasons Jones's subsequent writ application raising the same two claims.[13]  Jones's conviction became final 90 days later, on December 25, 2008,[14] or the next business day, Friday, December 26, 2008, when he did not file a writ application with the United States Supreme Court.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period when it would otherwise be the last day of the period).

---

[11]State v. Jones, 975 So.2d at 21; St. Rec. Vol. 4 of 5, 5th Cir. Opinion, 07-KA-512, 12/27/07.

[12]St. Rec. Vol. 2 of 5, Letter to Jones, 1/3/08.

[13]State v. Jones, 992 So.2d 982 (La. 2008); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 2008-KO-0325, 9/26/08; La. S. Ct. Writ Application, 08-KO-0325, 2/13/08 (dated 1/11/08); La. S. Ct. Letter, 2008-KO-325, 2/13/08 (postal meter 1/14/08).

[14]Under Louisiana law, Christmas Day, December 25, is a legal holiday.  La. Rev. Stat. Ann. § 1:55.

5

During the 90-day period, on October 6, 2008, Jones submitted an application for post-conviction relief to the state trial court raising three grounds for relief:[15] (1) Counsel provided ineffective assistance when he failed to move for dismissal based on hearsay testimony at the suppression hearing and failed to investigate. (2) The arrest was unlawful and the evidence subsequently seized was invalid. (3) The prosecution solicited or failed to correct false testimony at the suppression hearing.

On October 20, 2008, the state trial court denied the application, finding Jones's claims procedurally barred from review.[16] The court held that the first claim, ineffective assistance of counsel, had been addressed on appeal and was barred from further review under La. Code Crim. P. 930.4(A),[17] and, alternatively, that the claim was meritless under Hill v. Lockhart, 474 U.S. 52 (1985). The court found that the second claim, illegal arrest, should have been raised on appeal and was barred from post-conviction review under La. Code Crim. P. art. 930.4(C).[18] It held that the third claim, false testimony, was

---

[15]St. Rec. Vol. 3 of 5, Uniform Application for Post-Conviction Relief, 10/10/08 (dated 10/6/08).

[16]St. Rec. Vol. 4 of 5, Trial Court Order, 10/20/08.

[17]La. Code Crim. P. art. 930.4(A) provides for the dismissal of a post conviction application if it raises claims fully litigated on appeal.

[18]La. Code Crim. P. art. 930.4(C) provides for the dismissal of a post conviction application if it raises a claim which should have been raised on appeal.

barred from post-conviction review under La. Code Crim. P. art. 930.4(B)[19] because it could have been raised in a prior pretrial proceeding.

The Louisiana Fifth Circuit denied Jones's subsequent writ application on January 13, 2009.[20] The court upheld the procedural bars to review of the second and third claims under La. Code Crim. P. art. 930.4(B) and (C), as imposed by the trial court. The appellate court, however, barred review of the first claim, ineffective assistance of counsel, under La. Code Crim. P. art. 930.4(B) and (C), because the claim could have been raised in the out-of-time appeal with the other ineffective assistance of counsel allegations and was not.

On February 5, 2009, Jones submitted a writ application to the Louisiana Supreme Court raising the same three post-conviction claims.[21] The court denied the application without stated reasons on November 25, 2009.[22]

---

[19]La. Code Crim. P. art. 930.4(B) provides for the dismissal of a post conviction application if it raises a claim which should have been raised pretrial or during trial.

[20]St. Rec. Vol. 5 of 5, 5th Cir. Order, 08-KH-1256, 1/13/09; St. Rec. Vol. 5 of 5, 5th Cir. Writ Application, 08-KH-1256, 12/2/08 (postmarked 11/18/08).

[21]St. Rec. Vol. 5 of 5, La. S. Ct. Writ Application, 09-KH-414, 2/25/09 (postmarked 2/9/09, dated 2/5/09); La. S. Ct. Letter, 2009-KH-414, 2/25/09 (postmark 2/9/09).

[22]State ex rel. Jones v. State, 22 So.3d 172 (La. 2009); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 2009-KH-0414, 11/25/09.

## II.    FEDERAL HABEAS PETITION

On February 1, 2010, the clerk of this court filed Jones's petition for federal habeas corpus relief, in which he raises the following grounds for relief:[23] (1) Counsel provided ineffective assistance in that he failed to object to the admission of his statements made under the influence of drugs and physical abuse, rendering his guilty pleas invalidly coerced. (2) Counsel provided ineffective assistance by failing to object to the trial court's acceptance of the guilty plea under Alford without a factual basis to support the plea. (3) Counsel gave ineffective assistance because he failed to move for dismissal based on hearsay testimony at the suppression hearing and failed to investigate. (4) Jones's Fourth Amendment rights were violated by his unlawful arrest. (5) The prosecution solicited and/or failed to correct false testimony at the suppression hearing.

The State filed a response in opposition to Jones's petition, addressing only four of the grounds.[24]  The State argued that, because Jones entered a guilty plea, he is barred from seeking post-conviction review of any claims not directly challenging the validity of the plea.  The State therefore contends that all of Jones's claims are barred from federal review, except the single claim of ineffective assistance of counsel alleging that counsel failed to object to the trial court's acceptance of the guilty plea under Alford without a factual basis.  This claim, the State argues, is meritless.

---

[23]Rec. Doc. Nos. 1.

[24]Rec. Doc. No. 11.

Jones responded to the State's opposition, arguing that he did not waive his right to appellate review of his claim because his plea was made under Alford and Crosby.[25] He further argues that his claims have merit based on the unreasonable factual conclusions reached by the state courts.

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[26] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Jones's petition, which, for reasons discussed below, is deemed filed in this federal court on January 19, 2010.[27]

---

[25]Rec. Doc. No. 12.

[26]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[27]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Jones's petition was filed by the clerk of this court on February 1, 2010, when pauper status was granted. Jones's signature on the petition is dated January 19, 2010. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State concedes both timeliness and exhaustion. The State argues that all but one of Jones's claims is procedurally barred from review by this court. Based on my review of the state courts' rulings, I find that three of Jones's claims are in procedural default, on grounds other than those posed by the State, and two of his claims are without merit.

IV.   PROCEDURAL DEFAULT (CLAIMS NOS. 3, 4 AND 5)

In this federal petition, Jones's third, fourth and fifth claims address ineffective assistance of counsel, unlawful arrest and the prosecution's alleged use of false testimony, which he also raised for the first time in his state court application for post-conviction relief. As noted above, on January 13, 2009, the Louisiana Fifth Circuit found these claims procedurally barred from review pursuant to La. Code Crim. P. 930.4(B) and/or (C). This was the last reasoned decision on these claims by the state courts. Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991).

For the following reasons, these claims are procedurally barred and may not be addressed by this court. The United States Fifth Circuit Court of Appeals has stressed

that a federal habeas court must determine as a threshold matter whether procedural default has occurred on any asserted claim. <u>Nobles</u>, 127 F.3d at 420. This court has discretion to raise procedural default sua sponte, provided that the petitioner has notice that the issue is being considered. <u>Fisher v. State</u>, 169 F.3d 295, 301 (5th Cir. 1999); <u>Magouirk v. Phillips</u>, 144 F.3d 348, 358 (5th Cir. 1998).

In this case, the State has urged that Jones's claims are procedurally barred from review, but it has done so on grounds other than those addressed by the state courts. Because the state courts' rulings guide this court's review of Jones's claims, the court will consider the bars under the state law provisions relied upon by the state courts, rather than those raised in respondent's opposition.

Thus, to the extent necessary, **petitioner is hereby specifically instructed that this report and recommendation is notice to him that this court is sua sponte raising the issue of procedural default and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report**. <u>Magouirk</u>, 144 F.3d at 348.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991); <u>Glover v. Cain</u>, 128 F.3d 900, 902 (5th Cir. 1997); <u>Amos v. Scott</u>, 61 F.3d 333, 338 (5th Cir. 1995) (citing <u>Harris v. Reed</u>, 489 U.S.

255, 260, 262 (1989)).  This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review.  Amos, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar.  Harris, 489 U.S. at 263; Glover, 128 F.3d at 902.  The last reasoned decision of the Louisiana Fifth Circuit relied on La. Code Crim. P. art. 930.4(B) and (C) to dismiss Jones's post-conviction claims, presented in this case as Claims Nos. 3, 4 and 5.

A.     INDEPENDENT AND ADEQUATE

For the foregoing state law procedural bars to prevent review by this federal habeas court, the bar must be independent and adequate.  A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar.  Amos, 61 F.3d at 338.  To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases.  Glover, 128 F.3d at 902.

La. Code Crim. P. art. 930.4(B) and (C) are clearly independent state law procedural grounds for denying review of an improperly raised post-conviction claim. Bennett v. Whitley, 41 F.3d 1581 (5th Cir. 1994) (Article 930.4 is independent and

adequate basis to federal review); <u>Washington v. Cain</u>, 2000 WL 863980 (E.D. La. June 27, 2000) (same).  These state procedural bars are presumptively adequate when the state court expressly and regularly relies on them in deciding not to review a claim for collateral relief.  <u>Glover</u>, 128 F.3d at 902.

The state courts in this case expressly ruled that Jones was not entitled to relief on these claims because two of them were not raised on appeal and could have been, and one was not raised in a pretrial or other pre-conviction proceeding.  I find that the bars imposed under La. Code Crim. P. art. 930.4(B) and (C) are both independent and adequate to bar review of the merits of Jones's third, fourth and fifth claims.

B.    <u>CAUSE AND PREJUDICE</u>

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice."  <u>Glover</u>, 128 F.3d at 902 (citing <u>Coleman</u>, 501 U.S. at 731-32); <u>Amos</u>, 61 F.3d at 338-39 (citing <u>Harris</u>, 489 U.S. at 262; <u>Engle v. Isaac</u>, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.  <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed

to raise the claim despite recognizing it, does not constitute cause for a procedural default.  Id., at 486.

In this case, Jones has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana Fifth Circuit.  My review of the record does not support a finding that any factor external to the defense prevented Jones from raising these claims in a procedurally proper manner.  The record also does not reflect any action or inaction on the part of the State which prevented him from doing so.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown."  Hogue v. Johnson, 131 F.3d 466, 497 (5th Cir. 1997) (citing Engle, 456 U.S. at 134 n.43).  Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice.  Ratcliff v. Estelle, 597 F.2d 474 (5th Cir. 1979) (citing Lumpkin v. Ricketts, 551 F.2d 680, 681-82 (5th Cir. 1977)).

Jones's third, fourth and fifth claims addressing ineffective assistance of counsel, unlawful arrest and the prosecution's alleged use of false testimony are therefore procedurally barred from review by this federal habeas corpus court.  See Trest v. Whitley, 94 F.3d 1005, 1008 (5th Cir. 1996) (habeas review precluded when petitioner neglected to allege actual prejudice and cause of failure to comply with state procedural

rule concerning time restriction on filing for state post-conviction relief), <u>vacated on other grounds</u>, 522 U.S. 87 (1998).[28]

C.    <u>FUNDAMENTAL MISCARRIAGE OF JUSTICE</u>

Jones may avoid this procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed. <u>Hogue</u>, 131 F.3d at 497 (citing <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." <u>Kuhlmann v. Wilson</u>, 477 U.S. 436, 454 (1986); <u>accord</u> <u>Murray</u>, 477 U.S. at 496; <u>Glover</u>, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. <u>Campos v. Johnson</u>, 958 F. Supp. 1180, 1195 (W.D. Tx. 1997) (footnote omitted); <u>Nobles</u>, 127 F.3d at 423 n. 33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.") When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. <u>Glover</u>, 128 F.3d at 903.

---

[28]The Supreme Court vacated the Fifth Circuit's opinion on grounds that a court of appeals is not <u>required</u> to raise the procedural default argument sua sponte. <u>Id</u>.

Jones does not provide any indication and the record contains nothing that suggests his actual innocence on the underlying convictions. He fails to present any evidence or argument of factual innocence to contravene his convictions.

For these reasons, Jones has failed to overcome the procedural bar, and his third, fourth and fifth claims, addressing ineffective assistance of counsel, unlawful arrest, and the prosecution's use of false testimony, must be dismissed with prejudice for that reason.

V.    STANDARDS OF A MERITS REVIEW

Amended 28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings. Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)), cert. denied, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'" Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir.), cert. denied, 531 U.S. 849 (2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001); Hill, 210 F.3d at 485. The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000); Penry, 532 U.S. at 792-93; Hill, 210 F.3d at 485. "'A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly.'" Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original); Bell v. Cone, 535 U.S. 685, 699 (2002). Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is

objectively unreasonable."  Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002), cert. denied, sub nom, Neal v. Epps, 537 U.S. 1104 (2003). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner.  Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24-25); Wright v. Quarterman, 470 F.3d 581, 585 (5th Cir. 2006).

VI.    INEFFECTIVE ASSISTANCE OF COUNSEL (CLAIMS NOS. 1 AND 2)

Jones alleges, as he did on direct appeal, that his trial counsel provided ineffective assistance when he failed to object to the admission of his statements at the suppression hearing, which rendered his guilty plea invalidly coerced, and when he failed to object to the trial court's acceptance of his guilty pleas under Alford without a factual basis to support the pleas.  The Louisiana Fifth Circuit on appeal denied relief on both of these claims, finding that Jones's statements were voluntarily and knowingly made and that the evidence at the suppression hearing set forth sufficient facts to support acceptance of the guilty pleas.  The court held that Jones failed to meet his burden of proving ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), and related state law.  The Louisiana Supreme Court subsequently denied the related writ application without further comment.

The issue of ineffective assistance of counsel is a mixed question of law and fact. Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994).  When a defendant pleads guilty and then seeks habeas review based on allegations of ineffective assistance of counsel,

18

the proper standard to be applied is the standard established by the United States Supreme Court in Strickland, which the Louisiana Fifth Circuit relied upon in addressing Jones's claims on appeal. Thus, the question before this court is whether the state courts' denial of relief was contrary to or an unreasonable application of the United States Supreme Court decision in Strickland.

In Strickland, the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

Under Hill v. Lockhart, 474 U.S. 52, 57 (1985), which applies Strickland in the guilty plea context, the first prong is satisfied by a showing that "counsel's representation fell below an objective standard of reasonableness." The Hill Court stated: "In order to satisfy . . . [Strickland's] 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

In deciding ineffective assistance of counsel claims, a court need not address both prongs of the conjunctive Strickland standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. Kimler, 167 F.3d at 893.

A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' But it is not enough, under <u>Strickland</u>, 'that the errors had some conceivable effect on the outcome of the proceeding.'" <u>Motley v. Collins</u>, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting <u>Strickland</u>, 466 U.S. at 693).

In the instant case, Jones does not allege that his trial counsel's errors were the cause of, or the impetus behind, his guilty plea. Instead, his arguments relate to the adequacy of his counsel's performance in failing to challenge the propriety of his confessions and the trial court's acceptance of his guilty pleas. Thus, even construed broadly, Jones's petition does not contend that there is a reasonable probability that he would not have entered a guilty plea, and would have insisted on proceeding to trial, if his attorney had not committed the alleged errors. Without this showing, this court cannot find that he was prejudiced by his counsel's performance under <u>Hill</u>.

Jones also has failed to establish that his counsel's performance was objectively unreasonable or deficient. The record reflects that Jones's counsel filed a motion to suppress the statements, the identifications and the evidence seized after his arrest.[29] The testimony at the suppression hearing indicated that Detective Dax Russo took two statements from Jones at the Jefferson Parish Detective Bureau after Jones was taken into

---

[29]St. Rec. Vol. 1 of 5, Motion Hearing Minutes, 1/24/06.

custody.[30]  Russo read Jones his rights and Jones signed a "rights of arrestee" form waiving those rights.  The tape recorded statements were transcribed and presented as evidence at the suppression hearing.

In his statements, Jones identified himself as the perpetrator of the robberies, and even identified himself as the perpetrator in a video surveillance tape from one of the robberies.[31]  On cross-examination by Jones's counsel, Detective Russo acknowledged that he also spoke with Jones about his cocaine and heroin use prior to the NEXTECH robbery.[32]  Russo referred to the statement transcript to demonstrate that Jones was not on drugs at the time of their discussions or at the time of the recorded statements.  Russo further testified that, although Jones said he took drugs prior to the NEXTECH robbery, Jones told him that he was not under the influence when they spoke and that he was fully aware of what he was doing.

Counsel continued to question Russo about the amount of drugs Jones had taken at the time of the offense and whether Russo did any testing to determine whether Jones was under the influence when he gave the statements.  Counsel also questioned Russo about the fact that Jones was taken to the hospital after his arrest, which was just a few hours before he gave the first statement.

---

[30]St. Rec. Vol. 1 of 5, Hearing Transcript, pp. 11-13, pp. 14-15, 1/24/06.

[31]Id., p. 21.

[32]Id., p. 22-26.

The transcript reflects that counsel diligently challenged whether Jones was in the proper state of mind, i.e. under the influence of drugs, when he gave the incriminating statements. Based on the testimony at the hearing, the Louisiana Fifth Circuit found that the evidence did not indicate that intoxication was a factor during the statements and that the statements were properly admitted over counsel's efforts to have them suppressed.

The record before this court demonstrates that trial counsel's efforts were reasonable. Contrary to Jones's suggestions, counsel attempted to have the inculpatory statements suppressed based on Jones's drug use and in light of the injuries received during his arrest. The fact that counsel's efforts were not successful does not render his performance unconstitutionally deficient. See Martinez v. Dretke, 99 Fed. Appx. 538, 543 (5th Cir. 2004) ("Again, an unsuccessful strategy does not necessarily indicate constitutionally deficient counsel."). "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689 (citations omitted).

Jones also challenges counsel's failure to object to the state trial court's acceptance of the guilty pleas under Alford, allegedly without a factual basis to support the pleas. In addressing this claim, the state appellate court determined that Alford required that the record contain strong evidence of actual guilt. After reviewing the evidence at the suppression hearing, the Louisiana Fifth Circuit found that the record

contained strong evidence of Jones's guilt and that Jones had failed to establish ineffective assistance of counsel.

To evaluate counsel's performance properly, this court must determine what is required in accepting an Alford plea. Under Alford, 400 U.S. at 37, a state trial court may accept a plea of guilty "containing a protestation of innocence when ... a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." "[W]hen a defendant pleads guilty while claiming his or her innocence, the court commits constitutional error in accepting the plea unless the plea is shown to have a factual basis." Willett v. Georgia, 608 F.2d 538, 540 (5th Cir. 1979).

However, "'absent statements inconsistent with guilt, state courts are not constitutionally required to establish a factual basis for the plea of guilt.'" Orman v. Cain, 228 F.3d 616 (5th Cir. 2000) (quoting Banks v. McGougan, 717 F.2d 186, 188 (5th Cir. 1983)). "[T]he due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea unless ... the state judge is put on notice that there may be some need for such an inquiry (as, for example, when the accused asserts his innocence)." Banks, 717 F.2d at 188; see also, Smith v. McCotter, 786 F.2d 697, 702 (5th Cir. 1986) ("State courts are under no constitutional duty to establish a factual basis for the guilty plea prior to its acceptance, unless the judge has specific notice that such an inquiry is needed.").

Thus, <u>Alford</u> does not require a state trial court to make factual findings of guilt. Rather, the court is required to consider whether the record contains strong evidence of guilt. The state court record contains the testimony of the arresting and investigating officers given at the suppression hearing on January 24, 2006. As discussed in detail above, Detective Russo testified at the hearing that Jones confessed his role in the robberies and even identified himself in surveillance video and still photographs at the scene of at least one of the robberies. The identification evidence from the various victims was also strong, and items taken during one of the robberies were seized from Jones at his arrest.

Jones challenged the inculpatory statements, not on factual accuracy grounds, but by arguing that he was under the influence of drugs at the time. The state courts held that the statements were knowing and voluntary. The record contains nothing to show or profess Jones's factual innocence. Jones also made no statements at the plea hearing that would have been inconsistent with guilt.[33] With two separate inculpatory statements already in evidence and the positive identification of Jones as the perpetrator, the state record contained strong evidence of Jones's factual guilt at the time the guilty pleas were entered.

---

[33]St. Rec. Vol. 1 of 5, Plea Transcript, pp. 6-8, 4/5/06.

As resolved by the Louisiana Fifth Circuit, the record was fully sufficient for the state trial court to have accepted the Alford plea. Giving due deference to this finding, and this court having reached the same conclusion, Jones has not shown that his Alford plea was improperly accepted. Because his plea was properly accepted and strong evidence of his guilt existed, there was no reason for his counsel to challenge the state trial court's acceptance of the plea. Counsel's failure to make a frivolous or baseless objection is not deficient performance falling below an objective level of reasonableness. Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998).

For these reasons, the state courts' denial of relief was not contrary to, or an unreasonable application of, Strickland or Hill. Jones is not entitled to relief on this claim.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Wynn Jones for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served

with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[34]

New Orleans, Louisiana, this ___29th___ day of July, 2010.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[34]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.